Kim E. Hoyt, (OSB No. 914080)
khoyt@ghrlawyers.com
Jennifer M. Gaddis, (OSB No. 071194)
jgaddis@ghrlawyers.com
Travis A. Merritt, (OSB No. 195857)
tmerritt@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SEAN LUNDRY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SANDY, a municipal corporation; STAN PULLIAM, an individual, in his personal capacity; TYLER DEEMS, an individual, in his personal capacity; and JEFF APRATI, an individual, in his personal capacity,,,<br><br>Defendants. | No. 3:24-cv-01433-AB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants, City of Sandy, Stan Pulliam, Tyler Deems, and Jeff Aprati ("Defendants") by and through their attorneys of record, Kim E. Hoyt, Jennifer M. Gaddis, and Travis A. Merritt provide the following answer and affirmative defenses to Plaintiff's Complaint.

## I. INTRODUCTION

1.

Paragraphs 1-3 are Plaintiff's introduction statement of the case to which no response is required. To the extent the Introduction alleges facts, they are denied.

## II. PARTIES

2.

Defendants admits Plaintiff was a law enforcement officer with the Sandy Police Department and for a time held the position of interim chief. Defendants deny they engaged in unlawful conduct. To the extent this Paragraph 4 makes additional factual allegations, Defendant lacks knowledge to admit or deny the allegations and therefore deny the same.

3.

Defendants admit that the City of Sandy ("the City") is a political subdivision of the State of Oregon, an Oregon Public Body located in Clackamas County, and the Sandy Police Department is an agency of the City.

4.

Defendants admit Stan Pulliam served as the City of Sandy Mayor for all times relevant to Plaintiff's Complaint. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 6, and therefore deny the same.

5.

Defendants admit Tyler Deems worked as the City Manager of the City of Sandy at all times relevant to Plaintiff's Complaint. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 7, and therefore deny the same.

6.

Defendants admit Jeff Aprati worked as the Deputy City Manager of the City of Sandy at all times relevant to Plaintiff's Complaint. Defendant lacks sufficient knowledge or information to admit

or deny the remaining allegations in Paragraph 8, and therefore deny the same.

## III. JURISDICTION AND VENUE

7.

Defendant admits this Court has subject matter jurisdiction as to Plaintiff's claims for relief which allege claims under federal law. Defendants further admit this Court has supplemental jurisdiction as to Plaintiff's claims for relief which arise under state law.

8.

Defendants admit venue is proper in the U.S. District Court, District of Oregon, Eugene Division.

9.

Paragraph 12 contains a legal conclusion to which Defendants are not required to respond. Defendants admit to Plaintiff's claims are subject to the Oregon Tort Claim Act.

## IV. FACTUAL ALLEGATIONS

10.

In response to Paragraphs 13-15, Defendants admits Plaintiff was employed with the Dalles Police Department for 13 years prior to being employed with the City, from 2015 until his termination on June 10, 2024. Defendants admit that Plaintiff was a Police officer when hired at the City in 2015, and became a sergeant in 2017, a lieutenant in 2019, and was the interim chief September 2023 until June 2024. To the extent that Paragraphs 13-15 make additional factual allegations, Defendants deny them.

11.

Defendants admit Paragraphs 16-17.

//

12.

In response to Paragraph 18-20, Defendants admit that Plaintiff complained to various City employees regarding the contract with GMP Consultants. To the extent these paragraphs make additional factual allegations they are denied.

13.

In response to Paragraph 21, Defendants admit that Plaintiff was among the finalists for the Chief of Police position. To the extent this paragraph makes additional factual allegations they are denied.

14.

Defendants admit Paragraphs 22-23.

15.

In response to Paragraph 24, Defendants admit that the comments regarding Plaintiff were mostly positive. Defendants lack sufficient knowledge or information to admit or deny the remaining factual allegations in Paragraph 24.

16.

Defendants admit that the referenced comment card notes in Paragraph 25 speak for themselves. To the extent Plaintiff's representations of the referenced comment cards are inaccurate, Defendants deny the same.

17.

Defendants admit that the content of the comment detailed in Paragraph 26 speaks for itself. To the extent Plaintiff's representation of the referenced comment card is inaccurate, Defendants deny the same. Defendants deny any remaining allegations in Paragraph 26.

18.

In response to Paragraph 27, Defendants admit that the City announced its selection of another candidate on January 17, 2024. Defendants lack sufficient knowledge or information to admit or deny

the remaining factual allegations in Paragraph 27.

19.

In response to Paragraph 28, Defendants admit that the press release speaks for itself. To the extent Plaintiff's representation of the press release is inaccurate, Defendants deny the same. Defendants deny the remaining factual allegations in this paragraph.

20.

In response to Paragraphs 29-30, Defendants lack sufficient knowledge or information to admit or deny the allegation is in these Paragraphs.

21.

In response to Paragraphs 30-34, these paragraphs contain allegations against a non-party to this case who is not an agent or employee of the City, thus requiring no response from Defendants. To the extent that Paragraph 34 contains allegations of fact against Defendants, they are denied.

22.

In response to Paragraphs 35-38, Defendants admit that Plaintiff enlisted his family and compatriots to file public records requests, which the City responded to.

23.

In response to Paragraphs 39, and 44, Defendants admit that community members attended a city council meeting and Plaintiff's encouragement and provided commentary in his support, and Defendants admit that at this meeting the council explained the recruitment process and ongoing tasks related to the same. To the extent that these paragraphs allege facts inconsistent with the contents of this City council meeting, Defendants deny the same.

24.

Defendants deny Paragraph 40.

25.

In response to Paragraphs 41-43, Defendants admit the February 1, 2024, meeting took place.

To the extent that these paragraphs make additional factual allegations Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in these paragraphs.

26.

In response to Paragraph 44, Defendants admit that the referenced City Council meeting was recorded. To the extent Plaintiff's summary of the meeting differs from the recording, Defendants deny the same.

27.

Paragraph 45 contains an allegation regarding a statement of a non-party to which a response is not required from Defendants. To the extent there are factual allegations against Defendants in Paragraph 45, Defendants deny the same.

28.

In response to Paragraph 46-48, Defendants admit that on February 17, 2024, the City, after being directed to do so by the District Attorney's office, released comment cards to the community, some of which were redacted, along with a statement regarding the reason they were not previously released. The statement speaks for itself. To the extent that these paragraphs contain additional allegations or allegations inconsistent with the contents of the statement, Defendants deny the same.

29.

Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 49 and therefore deny the same.

30.

Defendants deny Paragraph 50.

31.

In response to Paragraph 51-55, Defendants admit that Plaintiff was placed on administrative leave pending a criminal investigation into an allegation that he had illegally destroyed public records. To the extent that these paragraphs contain additional factual allegations, Defendants lack sufficient

information to admit or deny and therefore deny the same. To the extent these paragraphs reference a notice, or any other documents, said documents speak for themselves, and Defendants deny allegations in these paragraphs to the extent they are inconsistent with these notices or other documents

32.

In response to Paragraph 56, the public announcement speaks for itself. To the extent that this Paragraph is inconsistent with the contents of this announcement, Defendants deny.

33.

Paragraph 57 contains a legal conclusion to which Defendants need not respond. To the extent that this paragraph makes factual allegations, Defendants lack sufficient knowledge or information to admit or deny the allegation in the same, and therefore deny.

34.

In response to Paragraphs 58-63, Defendants deny.

35.

Paragraphs 64-65 detail actions or omission of non-parties to which Defendants need not respond. Additionally, the same paragraphs characterize a written statement of a non-party which speaks for itself. To the extent that allegations in these paragraphs are inconsistent with that writing Defendants deny those factual allegations.

36.

Paragraph 66 contains only arguments, which Defendants are not required to respond to. To the extent there are factual allegations in this Paragraph, Defendants deny the same.

37.

Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraphs 67-72 and therefore deny the same.

//

38.

Defendants deny Paragraph 73.

39.

Paragraph 74 contains an allegation against a non-party regarding a writing, said writing speaks for itself. To the extent this paragraph makes allegations inconsistent with that writing, Defendants deny.

40.

Paragraphs 75-76 contains allegations regarding alleged statements made on a social media platform, and said statements speak for themselves. To the extent this paragraph makes allegations inconsistent with the content of the writing, Defendants deny.

41.

Defendants deny Paragraph 77.

42.

Paragraph 78 includes Plaintiff's commentary and characterizations of a prior City announcement, which speaks for itself. To the extent that this paragraph misstates facts in the March 6, 2024, announcement, Defendants deny to the same.

43.

Defendants have insufficient information to admit or deny the allegations in Paragraph 79 and therefore deny the same.

44.

In response to Paragraph 80, Defendants admit an investigation notice regarding destruction of public records, harassment or bullying behavior, and violent threats was announced at or around the time detailed in this paragraph. Defendants deny the remaining allegations in this paragraph.

45.

In response to Paragraphs 81-89, and 92 these paragraphs contain various arguments

regarding a May 22, 2024, letter. Said letter speaks for itself. To the extent that these paragraphs mis-state or mischaracterize the contents of this letter, Defendants deny the same.

46.

Paragraph 90 is a conclusion of law to which Defendant need not respond. To the extent Paragraph 90 contains legal conclusions, Defendants deny the same.

47.

Defendants lack knowledge sufficient to admit or deny Paragraph 91 and therefore deny the same.

48.

In response to Paragraph 93, the manual referenced in this paragraph speaks for itself. To the extent that this paragraph mis-states the manual referenced in this paragraph, Defendants deny the same.

49.

Defendants deny Paragraphs 94-96.

**V. FIRST CLAIM FOR RELIEF**

50.

Paragraph 97 is a Paragraph of incorporation. Defendant admits and denies this paragraph as admitted and denied above.

51.

Defendants deny Paragraph 98.

52.

Defendants lack sufficient knowledge to admit or deny Paragraph 99 and therefore deny the same.

//

53.

Paragraph 100 is a series of legal conclusions to which no response is required by Defendants. To the extent there are factual allegations in Paragraph 100, Defendants deny the same.

54.

Defendants deny paragraphs 101-103 and deny that Plaintiff is entitled to the relief requested.

**VI. SECOND CLAIM FOR RELIEF**

55.

Paragraph 104 is a Paragraph of incorporation. Defendant admits and denies this paragraph as admitted and denied above.

56.

Paragraphs 105-106 are a combination of a conclusion of law and argument regarding the contents of an employee manual to which no response is required by Defendant. The SPD manual speaks for itself. To the extent that this paragraph misstates the content of the SPD manual or makes factual allegations, Defendants deny the same.

57.

Paragraph 107 is a series of legal conclusions to which no response is required by Defendants. To the extent Paragraph 107 contains factual allegations, Defendants deny the same.

58.

Defendants deny Paragraphs 108-110 and deny that Plaintiff is entitled to the relief requested.

**VII. THIRD CLAIM FOR RELIEF**

59.

Paragraph 111 is a Paragraph of incorporation. Defendant admits and denies this paragraph as admitted and denied above.

60.

Defendants deny Paragraph 112-117.

61.

Paragraph 118 is a legal conclusion to which no response is required. To the extent there are factual allegations in Paragraph 118, Defendants deny the same.

62.

Paragraph 119 is a series of legal conclusions to which no response is required from Defendants. To the extent there are factual allegations in Paragraph 119, Defendants deny the same.

63.

Defendants deny Paragraphs 120-122 and deny that Plaintiff is entitled to the relief requested.

## VIII. FOURTH CLAIM FOR RELIEF

64.

Paragraph 123 is a Paragraph of incorporation. Defendant admits and denies this paragraph as admitted and denied above.

65.

Defendants deny Paragraphs 124-126.

66.

Paragraph 127 is a conclusion of law to which no response is required from Defendants. To the extent there are factual allegations in Paragraph 127, Defendants deny the same.

67.

Defendants deny Paragraphs 128-130 and deny that Plaintiff is entitled to the relief requested.

## VIIII. FIFTH CLAIM FOR RELIEF

68.

Paragraph 131 is a Paragraph of incorporation. Defendant admits and denies this paragraph as admitted and denied above.

//

69.

Defendants admit Paragraph 132.

70.

Defendants deny Paragraph 133.

71.

In response to Paragraph 134, the laws regarding public records speak for themselves. To the extent there are factual allegations in Paragraph 134, Defendants deny the same.

72.

Defendants deny Paragraph 135-138 and deny that Plaintiff is entitled to the relief requested.

73.

Defendants request a jury trial.

74.

Except as expressly admitted above, Defendants deny each and every allegation in Plaintiff's Complaint. Defendants reserve the right to amend this Answer and Affirmative Defenses as discovery is conducted.

**AFFIRMATIVE DEFENSES**

75.

Defendants incorporates its responses to the previous paragraphs.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

76.

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

//

//

**SECOND AFFIRMATIVE DEFENSE**

(Oregon Tort Claims Act)

77.

Plaintiff's claims are subject to the conditions, limitations and immunities found in the Oregon Tort Claims Act, ORS 30.265, et. seq., including the requirement to provide a timely Tort Claim Notice.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

78.

Plaintiff has failed to mitigate his damages.

**FOURTH AFFIRMATIVE DEFENSE**

(Legitimate, Non-Discriminatory Reason)

79.

Plaintiff's claims are barred because City Defendants did not engage in the alleged conduct, and Plaintiff was terminated for legitimate, non-discriminatory reasons.

**FIFTH AFFIRMATIVE DEFENSE**

(Plaintiff Failed to Avail Himself of Policies)

80.

The City adopted and maintained policies to prevent and correct purportedly discriminatory conduct in the workplace. Plaintiff failed to avail himself of these policies.

**SIXTH AFFIRMATIVE DEFENSE**

(Discretionary/Qualified Immunity)

81.

Defendants are immune from liability based upon discretionary immunity under ORS 30.265.

**SEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

82.

Plaintiff acted inequitably and unconscientiously in connection to the events on which these claims are abased, and Plaintiff should be barred on the grounds of laches or unclean hands.

**RESERVATION TO ADD ADDITIONAL AFFIRMATIVE DEFENSE**

83.

Defendants reserve the right to add additional affirmative defenses as discovery proceeds in this case.

**WHEREFORE**, The County prays for a judgment as follows:

a. That Plaintiff's Complaint be dismissed with prejudice;

b. Defendants be awarded its reasonable costs and disbursements, and

c. For such other relief as the Court deems just and proper; and

d. Defendants are entitled to its reasonable attorney fees.

DATED November 19, 2024.

GARRETT HEMANN ROBERTSON P.C.

*s/Travis A. Merritt*

Kim E. Hoyt, (OSB No. 914080)
khoyt@ghrlawyers.com
Jennifer M. Gaddis, (OSB No. 071194)
jgaddis@ghrlawyers.com
Travis A. Merritt, (OSB No. 195857)
tmerritt@ghrlawyers.com
Of Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** on the date indicated below,

☒ Via First-Class Mail with postage prepaid
☐ Via Facsimile Transmission
☐ Via Electronic Filing Notice
☒ Via Email
☐ Via Hand Delivery
☐ Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Colin Hunter, OSB No. 131161
chunter@bradleybernstein.com
BRADLEY BERNSTEIN SANDS LLP
1425 SW 20th Ave., Suite 201
Portland, Oregon 97201
Telephone: 503.734.2480

Christopher Heywood, OSB No. 163984
chris@jhoffman.com
JANET HOFFMAN & ASSOCIATES LLC
1000 S.W. Broadway, Suite 1500
Portland, Oregon 97205
Telephone: 503.222.1125

DATED November 19, 2024.

GARRETT HEMANN ROBERTSON P.C.

*s/Travis A. Merritt*

Kim E. Hoyt, (OSB No. 914080)
khoyt@ghrlawyers.com
Jennifer M. Gaddis, (OSB No. 071194)
jgaddis@ghrlawyers.com
Travis A. Merritt, (OSB No. 195857)
tmerritt@ghrlawyers.com
Of Attorneys for Defendants