Kim E. Hoyt, (OSB No. 914080)
khoyt@ghrlawyers.com
Travis A. Merritt, (OSB No. 195857)
tmerritt@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SEAN LUNDRY, an individual,

Plaintiff,

vs.

CITY OF SANDY, a municipal corporation; STAN PULLIAM, an individual, in his personal capacity; TYLER DEEMS, an individual, in his personal capacity; and JEFF APRATI, an individual, in his personal capacity,

Defendants.

No. 3:24-cv-01433-AB

**JOINT NEUTRAL STATEMENT OF CASE**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff in this matter is Sean Lundry. The defendants are: (1) the City of Sandy, a municipal corporation, (2) Tyler Deems, City Manager for the City of Sandy, (3) Jeff Aprati, Deputy City Manager for the City of Sandy, and (3) Stan Pulliam, the former Mayor of the City of Sandy.

This is a case brought by Mr. Lundry, a former employee of the City of Sandy. Mr. Lundry was employed by the City of Sandy as a law enforcement officer from 2015 until the termination of his employment in 2024. The case relates to events in the late 2023 to mid-2024 timeframe. During this timeframe, Mr. Lundry was a Lieutenant in the Police Department who was initially selected to serve as Interim Police Chief following the retirement of the prior police chief. Mr. Deems was the City Manager and had ultimate responsibility for hiring and firing of all City employees. Mr. Aprati was the Deputy City Manager and reported to Mr. Deems. Mr. Pulliam was the elected mayor and a member of the City Council.

Mr. Lundry alleges that, after he criticized City leadership and encouraged and organized public records requests that his wife and other people submitted related to the City's search for a permanent police chief, the defendants retaliated against him by placing him on administrative leave and then terminating him from his employment with the City. Mr. Lundry has brought five claims for relief that you will be asked to consider. The parties will present their evidence regarding these claims to you during the course of the trial. To summarize:

Mr. Lundry's first claim alleges that the defendants violated the requirements of federal due process when, after making various allegations against him, they did not give him the opportunity for something called a "name-clearing hearing," which you will hear more about. Defendants deny that Mr. Lundry was not given the opportunity for a name-clearing hearing.

Mr. Lundry's second claim alleges that the Defendants violated the requirements of federal due process by terminating his employment without good cause. Defendants contend that Mr. Lundry's employment was lawfully terminated.

Mr. Lundry's third claim alleges that the Defendants retaliated against Mr. Lundry after he engaged in protected First Amendment activity. Defendants deny that Mr. Lundry engaged in

protected First Amendment activity and deny that Mr. Lundry was retaliated against for protected speech.

Mr. Lundry's fourth claim is a Whistleblower Retaliation claim against Mr. Deems and the City. Mr. Lundry alleges that he reported mismanagement of City funds and that the City retaliated against him for doing so. The City and Mr. Deems deny there was mismanagement of City funds and deny that Mr. Lundry suffered retaliation for this alleged report.

Mr. Lundry's fifth claim is a wrongful discharge claim against the City and Mr. Deems for organizing public records requests directed at the City. The City and Mr. Deems deny Mr. Lundry's discharge was wrongful.

Mr. Lundry alleges that, as a result of Defendants' misconduct, he incurred economic damages in the form of lost income and lost retirement benefits. He also alleges that he suffered noneconomic damages for pain, suffering, emotional distress and reputational harm. Defendants deny their conduct was unlawful and deny their actions caused Mr. Lundry's alleged damages.

*s/ Colin Hunter* Date: October 13, 2026

Colin Hunter, OSB No. 131161
chunter@bradleybernstein.com
Christopher Heywood, OSB No. 163984
chris@hoffmanlawpnw.com
Attorney for Plaintiff

*s/ Kim E. Hoyt* Date: October 13, 2026

Kim E. Hoyt, OSB No. 925202
khoyt@ghrlawyers.com
Travis A. Merritt, OSB No. 195857
tmerritt@ghrlawyers.com
Of Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **JOINT NEUTRAL STATEMENT OF CASE** on the date indicated below,

- ☐ Via First-Class Mail with postage prepaid
- ☐ Via Facsimile Transmission
- ☒ Via Electronic Filing
- ☒ Via Email
- ☐ Via Hand Delivery
- ☐ Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Colin Hunter, OSB No. 131161
chunter@bradleybernstein.com
Bradley Bernstein Sands LLP
1425 SW 20th Ave., Suite 201
Portland, Oregon 97201
*Attorney for Plaintiff*

Christopher Heywood, OSB No. 163984
chris@hoffmanlawpnw.com
Hoffman Law, LLC
1000 SW Broadway, Suite 1500
Portland, Oregon 97205
*Attorney for Plaintiff*

DATED October 13, 2026.

GARRETT HEMANN ROBERTSON PC

*s/ Kim E. Hoyt*

Kim E. Hoyt (OSB No. 914080)
khoyt@ghrlawyers.com
Travis A. Merritt (OSB No. 195857)
tmerritt@ghrlawyers.com
Of Attorneys for Defendants