Kim E. Hoyt, (OSB No. 914080)
khoyt@ghrlawyers.com
Travis A. Merritt, (OSB No. 195857)
tmerritt@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SEAN LUNDRY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SANDY, a municipal corporation; STAN PULLIAM, an individual, in his personal capacity; TYLER DEEMS, an individual, in his personal capacity; and JEFF APRATI, an individual, in his personal capacity,<br><br>Defendants. | No. 3:24-cv-01433-AB<br><br>**DEFENDANTS' TRIAL MEMORANDUM**<br><br>*Trial Scheduled to Begin November 16, 2026* |

Defendants City of Sandy, Stan Pulliam, Tyler Deems, and Jeff Aprati (hereinafter "Defendants") submit the following trial memorandum:

## I. INTRODUCTION

This is an employment case brought by a former public employee, Plaintiff Sean Lundry ("Plaintiff"), against his former public employer, the City of Sandy ("the City"), Stan Pulliam, the former Mayor, Tyler Deems the City Manager, and Jeff Aprati the Deputy City Manager

(“Defendants”). The City is the only employer and the only proper defendant as any claims alleging wrongful discharge. Tyler Deems, the City Manager, is the only supervisor of Plaintiff in this case. Neither Defendant Jeff Aprati, nor Defendant Pulliam had final decision-making authority regarding Plaintiff’s employment, and they also were not supervisors of Plaintiff. No claim alleged by Plaintiff for discipline or discharge is properly brought the individual defendants.

Plaintiff alleges that Defendants denied him due process related to the decision to terminate his employment, wrongfully terminated his employment by arguing that good cause was required for the termination, retaliated against him for engaging in First Amendment protected speech, retaliated against him for alleged whistleblowing, and wrongfully terminated his employment against public policy related to public records requests which were not filed by Plaintiff. Plaintiff also alleges he was denied a name clearing hearing. Defendants deny Plaintiff’s allegations.

Prior to being appointed as acting Chief of Police for the City of Sandy, Plaintiff was employed by the Police Department as a lieutenant. Following the retirement of the Police Chief, Plaintiff was appointed Acting Chief.

The City contracted with a search firm to assist in the search for the permanent Police Chief. As a part of the Chief selection process, the City scheduled interviews with candidates and various City departments and public “meet and greets” after which feedback was solicited. Among the feedback received were comment cards regarding the candidates. Included in the comment cards submitted to the City were anonymous allegations against Plaintiff of workplace misconduct, including allegations of destruction of public records. As a result of this allegation against Plaintiff, an outside law enforcement agency (the Oregon State Police), and an internal investigation into Plaintiff’s conduct was required.

After the selection process progressed, the City of Sandy did not to advance Plaintiff’s candidacy

to permanent Police Chief. In response to being passed over, Plaintiff engaged in workplace misconduct that included: actions that undermined the City Police Department's ability to function, caused workplace disruption, intimidation of subordinate employees and other conduct contrary to City policy and law. Plaintiff recruited citizens to voice opposition against the candidate who was advanced who, if selected, would become Plaintiff's supervisor and to submit public records requests related to the City's decision not to offer Plaintiff the role of Police Chief. During the course of its investigations, the City discovered other misconduct by Plaintiff.

As a result, the City issued a notice of its intent to impose discipline, including termination, which detailed several policy violations. Plaintiff was told he could attend a hearing to respond and/or submit a written response. Plaintiff chose to submit a written response. Plaintiff was thereafter terminated.

During this case, through discovery, Defendants learned that Plaintiff secretly recorded an in-person conversation with one of Plaintiff's supervisors, City Manager Deems. Had Defendants known of this misconduct at the time that it occurred, the City would have terminated Plaintiff's employment.

## II. CLAIMS FOR TRIAL

Plaintiff alleges five claims for relief in the operative complaint for this case:

(1) A Due Process claim under 42 U.S.C. § 1983 which is based on Plaintiff's allegation that he was not provided with the opportunity to attend a name clearing hearing, against all Defendants;

(2) A Due Process claim under 42 U.S.C. § 1983 alleging wrongful termination, against all Defendants, based on Plaintiff's allegation that Defendants were required to have "good cause" to terminate Plaintiff's employment and cite to a specific policy violation that enabled termination;

(3) A First Amendment Retaliation claim under 42 U.S.C. § 1983, against all Defendants, wherein Plaintiff alleges that he experienced retaliation for what he argues is First Amendment protected activity, specifically: (a) organizing private citizens including his wife to submit public records

requests for documents related to the hiring process for a role that Plaintiff was not hired for, and (b) denigrating City leadership in a social media post.

(4) A Whistleblower Retaliation claim under ORS 659A.203, against Defendants Deems and the City, which is based on allegations that Plaintiff reported what he believed was a mismanagement of funds to City Council head Laurie Smallwood and that he experienced an adverse employment action following that report, which he attributes to retaliation; and

(5) A common law claim for Wrongful Discharge against Defendants Deems and the City based on an allegation that the City and Deems violated public policy by terminating Plaintiff's employment because of his efforts to recruit citizens to submit public records requests seeking documents related to the decision to not offer Plaintiff the position of Police Chief.

## II. POINTS AND AUTHORITIES

### A. Plaintiff's First Claim: Due process –name-clearing hearing (against all Defendants):

Plaintiff's first claim is a Due Process claim under 42 U.S.C. § 1983 alleging that he was not given the opportunity for a name-clearing hearing, against all Defendants. First, only the City as Plaintiff's employer is a proper defendant for this claim. As noted above, Defendants Aprati and Pulliam have no supervisory role or role in any discipline of Plaintiff. As such, they are not proper parties for this claim. Additionally, Defendants contend Plaintiff waived his name-clearing hearing by choosing not to attend a hearing, instead submitting a written response to the notice of intent to impose discipline, including termination. A waiver occurs when a party clearly shows their intent to abandon a known right. *Board of Regents v. Roth*, 408 US 564 (1972); *Brady v. Gebbie*, 859 F2d 1543 (9th Cir. 1988). Here, Plaintiff, who was then represented by counsel, waived this hearing.

### B. Plaintiff's Second Claim—Due process alleging good cause requirement for termination. (against all Defendants):

The second claim is a Due Process claim under 42 U.S.C. § 1983 alleging that Defendants' termination of Plaintiff's employment required "good cause," which Plaintiff argues required a specific policy violation that would permit termination thus resulting in improper termination. Plaintiff is incorrect.

Prior to Plaintiff being appointed acting Police Chief, Plaintiff was a lieutenant in the Sandy Police Department. Evidence will show that based on Sandy Police Department Policy, Plaintiff could be disciplined and terminated without citing a specific policy violation.

Additionally, as noted above, Plaintiff concealed that, before his termination, he secretly recorded a conversation with a coworker, which he revealed only during discovery in this case. Defendants contend that if the City had known of this after-acquired evidence at the time of the internal investigations into Plaintiff, it would have been a basis for his termination and thus Plaintiff cannot recover damages based on his termination.

Additionally, only the City as Plaintiff's employer is a proper defendant for this claim. As noted above, Defendants Aprati and Pulliam have no supervisory role or role in any discipline of Plaintiff, nor did they have final decision-making authority for any disciplinary action against Plaintiff. There can be no claim that these defendants imposed discipline for the purpose of this claim or any claim in this case.

The evidence will show that on May 22, 2024, Plaintiff was provided with the pre-disciplinary notice by an agent of the City, which detailed findings of many Sandy Police Department Policy violations and City of Sandy Personnel Policy violations and that his termination was lawful.

**C. Plaintiff's Third Claim alleging First Amendment Retaliation (against all Defendants):**

Plaintiff's third claim is a First Amendment retaliation claim alleging that he experienced an adverse employment action (being placed on leave and being subjected to an internal investigation)

that was directly linked to two activities by Plaintiff which he alleges qualify as First Amendment protected speech.

As an initial matter, only the City as Plaintiff's employer is a proper defendant for this claim. As detailed above, Defendants Aprati and Pulliam have no supervisory role or role in any discipline of Plaintiff, nor did they have final decision-making authority for any disciplinary action against Plaintiff. There can be no claim that these defendants imposed discipline or retaliated against Plaintiff for this claim.

Plaintiff alleges that engaging private citizens to speak out in support of him and in opposition to the person advanced to fill the position of Chief by asking citizens and family members to submit public records requests about the hiring process, were actions protected by the First Amendment. Plaintiff alleges that criticizing the City's leadership was also speech protected by the First Amendment and that, in engaging in such criticism, Plaintiff was acting as a private citizen. This conduct includes Plaintiff's statement that he would never accept the role of Chief "with the current mayor, council, and appointed leadership".

To establish retaliation by a public employer, a plaintiff must show that (1) plaintiff spoke as a private citizen and not in their official capacity as a public employee; (2) plaintiff spoke on a matter of public concern; (3) the plaintiff's protected speech was a substantial motivating factor in the employer's adverse action; (4) the employer did not have an adequate justification for treating the plaintiff differently than members of the general public; and (5) the employer would not have taken the adverse employment action absent the protected speech. *Eng v. Cooley*, 552 F3d 1062, 1070 (9th Cir. 2009). The plaintiff bears the burden of proving the first three elements. *Id.* at 1070-71. If the plaintiff passes the first three steps, the burden shifts to the defendant to establish, based on the last two elements, that the employer's "administrative interests outweigh the employee's First

Amendment rights." *Id.* at 1071 (quoting *Thomas v. City of Beaverton*, 379 F3d 802, 808 (9th Cir. 2004)).

Whether a plaintiff spoke as a public employee or a private citizen "presents a mixed question of law and fact." *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F3d 1121, 1129 (9th Cir. 2008). "Where an employee has an official duty to speak, or his speech is the product of performing the tasks the employee is paid to perform, the speech is spoken in his capacity as a public employee." *Shepard v. City of Portland*, 829 F Supp 2d 940, 967 (D. Or. 2011). "Speech made by public employees in their official capacity is not insulated from employer discipline by the First Amendment but speech made in their private capacity as a citizen is." *Brandon v. Maricopa Cnty.*, 849 F.3d 837, 843 (9th Cir. 2017) (citing *Garcetti v. Ceballos*, 547 US 410, 421 (2006)); *see also Kennedy v. Bremerton Sch. Dist.*, 597 US 507, 527 (2022) ("If a public employee speaks 'pursuant to [his or her] official duties,' this Court has said the Free Speech Clause generally will not shield the individual from an employer's control and discipline . . . .").

The Ninth Circuit has described the inquiry into whether the employee's speech is protected as "fact-intensive" and explained that "no single formulation of factors can encompass the full set of inquiries relevant to determining the scope of a plaintiff's job duties." *Dahlia v. Rodriguez*, 735 F3d 1060, 1074-76 (9th Cir. 2013) (en banc); *see also Lindke v. Freed*, 601 US 187, 203 (2024). Plaintiff cannot prove that he spoke entirely as a private citizen, as the basis for his concern with the City derived from his employment with the Sandy Police Department.

Also, the speech involved individual personnel disputes and grievances, which are not a matter of public concern. "[S]peech that involves 'individual personnel disputes and grievances' is not a matter of public concern." *Brooks v. Clyne*, No. 3:19-cv-02085-HZ, 2022 US Dist LEXIS 98670, at *18 (D Or May 30, 2022) quoting: *McKinley v. City of Eloy*, 705 F2d 1110, 1114 (9th Cir.

1983). Plaintiff's speech was objectively regarding a personnel dispute – the City's failure to select him as its Chief.

Plaintiff's statements in a public forum, including on social media, criticizing the City leadership were in response to his being passed over as the Police Chief and are not protected by the First Amendment. Plaintiff's statement that he would never accept the role of Chief "with the current mayor, council, and appointed leadership," was speech that was significantly linked to or related to the Sandy Police Department and, as its acting chief, tended to compromise or damage the mission, function, reputation or professionalism of the City of Sandy and the Police Department. The City had an interest in promoting workplace efficiency and avoiding disruption of the Police Department which Plaintiff's conduct caused through his statements. The City's "legitimate administrative interests in promoting efficient service-delivery and avoiding workplace disruption outweigh the plaintiff's First Amendment interests." *Henry v. Umair A. Shah*, No. 25-469, 2026 US App. LEXIS 1620, at *1 (9th Cir Jan. 20, 2026) citing: *Damiano v. Grants Pass Sch. Dist. No. 7*, 140 F.4th 1117, 1137 (9th Cir 2025).

Finally, during this case, through discovery, Defendants learned that Plaintiff secretly recorded an in-person conversation with City Manager Deems, which he did not disclose until this litigation. Plaintiff made this secret recording of a conversation and Plaintiff's action further supports the City's decision to terminate Plaintiff's employment.

**D. Plaintiff's Fourth Claim, Alleging Whistleblower Retaliation under ORS 659A.203 (against Defendants Deems and City of Sandy):**

Plaintiff alleges that by questioning City Manager Deems and the City's use of SPD funds to pay for the police chief recruitment process, Lundry engaged in protected whistleblowing conduct by disclosing information he subjectively believed was evidence of mismanagement, gross waste of

funds and/or abuse of authority under ORS 659A.203(1)(b)(B). Plaintiff alleged that he engaged in protected whistleblowing conduct by discussing the activities of the City and its senior officials—namely, Deems, Aprati, and Pulliam relating to budgetary issues for the Chief recruitment process with the City Council President, Lori Smallwood. Plaintiff alleges that he experienced an adverse employment action because of his protected activity under ORS 659A.203 by placing him on administrative leave for a baseless internal investigation.

ORS 659A.203 provides that "it is an unlawful employment practice for any public employer to:

(b) Prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:…(B) Mismanagement, gross waste of funds …"

Evidence will show that Plaintiff cannot prove this claim as Plaintiff's belief regarding gross financial mismanagement was not objectively reasonable, which is required for this claim to survive. "[U]nder ORS 659A.203, the plaintiff must have had an objectively reasonable belief that the public entity had engaged in unlawful conduct. *Hall v.* State, 274 Or App 445, 454, 366 P3d 345, 350 (2015), citing: *Love v. Polk Cty. Fire Dist*., 209 Or App 474, 490, 149 P3d 199, 208 (2006); *McClusky v. City of N. Bend*, 332 Or App 1, 15, 549 P3d 557, 566 (2024) (under ORS 659A.203(1) a plaintiff "must set forth facts that would support an objectively reasonable belief that a violation [of law] has occurred,). Here, Plaintiff cannot meet this burden, as will be demonstrated through evidence at trial.

Additionally, for the purpose of this claim it must be only against the public employer. ORS 659A.203. Plaintiff's only employer in this case is the City of Sandy, and thus the City is the only proper Defendant for this claim, and Defendant Deems is not.

Additionally, Plaintiff was not terminated for voicing his concerns regarding the internal allocation of the expense associated with the search to the police department, a budgetary allocation

that is within City Manager Deems' discretion. For those and other reasons, Plaintiff's claim fails.

**E. Plaintiff's Fifth Claim Alleging Common Law Wrongful Termination (against Defendants Deems and City of Sandy)**

Plaintiff's last claim harkens back to his First Amendment claim, as it argues his efforts to recruit citizens to submit public records requests as the primary basis for his termination. He argues that he was wrongfully terminated because of his organization of support of Plaintiff's candidacy, and opposition to his competitor, and that his conduct was appropriate. The evidence will show that Plaintiff's misconduct resulted in his termination, which termination was appropriate at law both based on evidence known at the time and due to evidence acquired during this litigation.

Under Oregon law, a wrongful discharge claim is only available when there is no adequate statutory remedy for a plaintiff. *Vergara v. Patel*, 305 Or App 288, 290, 471 P3d 141, 143 (2020). As Plaintiff's wrongful discharge claim is based on the same allegations and cites the same public policy justifications as Plaintiff's First Amendment Retaliation claim and his ORS 659A.203 whistleblower claims, this claim is not available. *Ettling v. Teeny Foods Corp.*, No. 3:22-cv-02000-SB, 2023 US Dist LEXIS 114525, at *14 (D Or May 17, 2023); *Schumacher v. J.R. Simplot Co.*, No. 6:21-cv-00489-MC, 2021 U.S. Dist. LEXIS 152825, 2021 WL 3604836, at *2 (D. Or. Aug. 13, 2021) ("'[C]ommon law wrongful discharge . . . may only be invoked when another claim does not provide a plaintiff with an adequate remedy.' . . . Because the common law wrongful discharge claim provides the same remedies as a statutory whistleblower retaliation claim, '[those] two claims cannot be pursued simultaneously when based upon the same conduct.'"). As such, Plaintiff cannot state a common law wrongful termination claim.

///

///

## III. CONCLUSION

Plaintiff lacks sufficient evidence to support each claim for relief and judgment of dismissal should be entered.

DATED October 13, 2026.

GARRETT HEMANN ROBERTSON PC

*s/ Kim E. Hoyt*

Kim E. Hoyt (OSB No. 914080)
khoyt@ghrlawyers.com
Travis A. Merritt (OSB No. 195857)
tmerritt@ghrlawyers.com
Of Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **DEFENDANTS' TRIAL MEMORANDUM** on the date indicated below,

- ☐ Via First-Class Mail with postage prepaid
- ☐ Via Facsimile Transmission
- ☒ Via Electronic Filing
- ☒ Via Email
- ☐ Via Hand Delivery
- ☐ Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Colin Hunter, OSB No. 131161
chunter@bradleybernstein.com
Bradley Bernstein Sands LLP
1425 SW 20th Ave., Suite 201
Portland, Oregon 97201
*Attorney for Plaintiff*

Christopher Heywood, OSB No. 163984
chris@hoffmanlawpnw.com
Hoffman Law, LLC
1000 SW Broadway, Suite 1500
Portland, Oregon 97205
*Attorney for Plaintiff*

DATED October 13, 2026.

GARRETT HEMANN ROBERTSON PC

*s/ Kim E. Hoyt*
Kim E. Hoyt (OSB No. 914080)
khoyt@ghrlawyers.com
Travis A. Merritt (OSB No. 195857)
tmerritt@ghrlawyers.com
Of Attorneys for Defendants