UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SEAN LUNDRY, an individual,

Plaintiff,

vs.

CITY OF SANDY, a municipal corporation; STAN PULLIAM, an individual, in his personal capacity; TYLER DEEMS, an individual, in his personal capacity; and JEFF APRATI, an individual, in his personal capacity,

Defendants.

No. 3:24-cv-01433-AB

**PRETRIAL ORDER**

The following pretrial order is lodged with the Court pursuant to LR 16-5 and Trial Management Order (ECF No. 39).

/ / /

/ / /

## I. Nature of the Action.

This is a civil rights and whistleblowing case brought by a former public employee, Plaintiff Sean Lundry ("Plaintiff"), against his former public employer, the City of Sandy ("the City"), Stan Pulliam, the former Mayor, Tyler Deems the City Manager, and Jeff Aprati the Deputy City Manager ("Defendants").

Plaintiff alleges five claims for relief: (1) A Due Process claim under 42 U.S.C. § 1983 alleging Defendants terminated him without providing a name clearing hearing; (2) A Due Process claim under 42 U.S.C. § 1983 alleging Defendants wrongfully terminated him without good cause; (3) A First Amendment Retaliation claim under 42 U.S.C. § 1983 alleging Defendants terminated him as a result of protected First Amendment conduct; (4) A Whistleblower Retaliation claim under ORS 659A.203 alleging Defendants Deems and the City unlawfully terminated him in response to his disclosure of evidence of mismanagement of City funds; and (5) A common law claim for Wrongful Discharge against Defendants Deems and the City. Defendants deny liability on every claim and deny that they caused plaintiff damage.

Both parties seek a jury trial on these claims. Significant disputes of material fact remain for trial on nearly every aspect of Plaintiff's claims.

## II. Subject Matter Jurisdiction.

This Court has jurisdiction pursuant to 28 USC § 1331 and 1343(a)(3) and (4), 42 U.S.C. section 1983, and it has supplemental jurisdiction over the state law claims pursuant to 28 USC § 1367.

## III. Agreed Facts

A. Plaintiff was employed with the City of Sandy as a DPSST-certified police officer from 2015 until 2024. In August 2023, Plaintiff was selected to fill the role of Interim Police Chief for the City of Sandy following the retirement of the former Chief.

B. The City hired a consulting firm to facilitate its search to identify and hire a Chief of Police.

C. Plaintiff applied to become the Police Chief for the City of Sandy.

D. The Chief of Police reports directly to the City Manager, and the City Manager has ultimate hiring and firing authority over the Chief of Police and all City employees.

E. At the conclusion of the first search, Plaintiff was selected as one of three finalists for Chief of Police.

F. On January 16, 2024, Plaintiff was informed that he was not selected as Police Chief for the City from the final pool of candidates.

G. The City extended another candidate a conditional employment offer as Police Chief, subject to that candidate passing a background check.

H. After not being selected as the Police Chief, Plaintiff and others submitted public records requests to the City, seeking all records relating to the City's decision-making in the process of selecting a Police Chief. Plaintiff encouraged others to submit records requests and to share their concerns about the City's decision-making, communication and selection during the Police Chief selection process.

I. On February 23, 2024, City Manager Deems notified Plaintiff that he was being placed on paid administrative leave based on Plaintiff's alleged destruction of public records and was being referred to law enforcement for criminal investigation of the same allegation. The criminal investigation was referred to the Oregon State Police.

J. On March 7, 2024, Plaintiff was notified that the City would be conducting an internal investigation into the alleged destruction of public records as well as allegations of bullying, harassment, and threats to others made by Plaintiff in the workplace.

K. On April 15, 2024, the Clackamas County District Attorney's Office concluded that there was no evidence that Plaintiff had unlawfully destroyed public records.

L. On May 22, 2024, Plaintiff was notified of the findings of the City's internal employment investigation and Defendant Deems informed him of its intent to terminate his employment.

M. On June 18, 2024, Plaintiff was provided with a Notice of Termination.

N. Plaintiff served a tort claim notice on July 17, 2024.

O. *During discovery in this case, the City learned that Plaintiff recorded an in person meeting with City Manager Deems without City Manager Deems' knowledge or consent.*

P. In the months after Plaintiff was informed that he was not selected as the Police Chief for the City, Plaintiff applied to other law enforcement roles in Oregon. Plaintiff was unsuccessful in obtaining other law enforcement employment in Oregon.

## IV. Claims and Defenses

**CLAIM ONE**

(42 U.S.C § 1983 **Due Process Claim** Regarding Name Clearing)

(A) *Plaintiff Contends*:

1. In the course of investigating and terminating Lundry from his longtime employment with the City, Defendants smeared Lundry through a campaign of public, highly stigmatizing commentary falsely asserting that Lundry had engaged in criminal and/or workplace misconduct.
2. Defendants failed to provide Lundry with the requisite name-clearing hearing to which he was constitutionally entitled. Instead, Defendants disciplined and terminated Lundry without any such opportunity to publicly clear his name.
3. City Manager Deems is an official with final policymaking authority, and he was the final decision-maker regarding Plaintiff's termination.
4. Defendants' conduct caused Plaintiff to suffer economic damages in the form of lost income and retirement benefits, noneconomic damages in the form of emotional distress, and Plaintiff contends the jury should also award punitive damages.

/ / /

/ / /

**DEFENSE TO CLAIM ONE**:

(B) *Defendants Contend*:

1. Defendants deny that they disseminated false information regarding Plaintiff and/or his conduct during his employment with the City.
2. Plaintiff disseminated information regarding allegations made against him, his administrative leave, the basis therefor, proposed discipline and termination.
3. Plaintiff was offered a name-clearing hearing. Plaintiff's employment was properly terminated.
4. Following the filing of this lawsuit, it was discovered that Plaintiff had recorded a meeting with City Manager Deems without his consent. This conduct, had it been known during Plaintiff's employment, would subject Plaintiff to discipline up to and including termination.

**CLAIM TWO**

(42 U.S.C § 1983 **Due Process Claim** alleging termination without Good Cause)

(Against All Defendants)

(A) *Plaintiff Contends*:

1. Plaintiff's employment could only be terminated for good cause pursuant to City policy, and he therefore had a property interest in his employment that the City could not deprive him of without due process.
2. Plaintiff's employment was terminated without good cause and the City failed to follow its own policies in investigating and terminating him.
3. Plaintiff was not given the due process to which he was entitled under the Constitution and City policy.
4. City Manager Deems is an official with final policymaking authority, and he was the final decision-maker regarding Plaintiff's termination.

5. Defendants' conduct caused Plaintiff to suffer economic damages in the form of lost income and retirement benefits, noneconomic damages in the form of emotional distress, and Plaintiff contends the jury should also award punitive damages.

**DEFENSE TO CLAIM TWO**:

(B) *Defendants Contend*:

1. Plaintiff was not subject to the Collective Bargaining Agreement and was supervisory staff, including when acting as Chief of Police.
2. Plaintiff was investigated based on complaints communicated to the City, which included allegations of destruction of public records, which allegation was referred to law enforcement as required by law.
3. It was determined that Plaintiff engaged in employment misconduct, including engaging in unprofessional and threatening behavior and Plaintiff used his position as interim Police Chief to pressure subordinates to support his candidacy for Police Chief.
4. On May 22, 2024, Plaintiff was provided with the pre-disciplinary notice detailing the conduct that formed the basis of the decision to terminate his employment.
5. Plaintiff's employment was properly terminated. Plaintiff was offered a name clearing hearing.

   Following the filing of this lawsuit, it was discovered that Plaintiff had recorded a meeting with City Manager Deems without his consent. This conduct, had it been known during Plaintiff's employment, would subject Plaintiff to discipline up to and including termination.

**CLAIM THREE**

(**First Amendment Retaliation Claim Under** 42 U.S.C § 1983)

(Against All Defendants)

/ / /

(A) *Plaintiff Contends*:

1. Plaintiff was exercising his First Amendment rights as a private citizen on an issue of public concern by:
    a. engaging private citizens to speak out regarding the City's decision-making process and lack of transparency relating to the selection of the next police chief;
    b. submitting and encouraging others to submit public records requests about the City's decision-making process and lack of transparency relating to the selection of the next police chief; and
    c. criticizing the City's leadership in online social media posts, including stating that he would never accept the role of Chief "with the current mayor, council, and appointed leadership."
2. The City retaliated against Plaintiff for his First Amendment speech by taking adverse employment actions against him, including by stripping him of his hard-earned role of Interim Chief of SPD, by placing him on administrative leave to conduct a baseless internal investigation, and ultimately by terminating him from his longtime employment with SPD.
3. Defendants' conduct caused Plaintiff to suffer economic damages in the form of lost income and retirement benefits, noneconomic damages in the form of emotional distress, and Plaintiff contends the jury should also award punitive damages.

**DEFENSE TO CLAIM THREE**:

(B) *Defendants Contend*:

1. The City received a complaint alleging Plaintiff engaged in workplace misconduct which complaints were investigated.
2. During these investigations, Plaintiff was placed on paid administrative leave.
3. Plaintiff publicly shared information regarding allegations of workplace misconduct made

against him, including that the City was investigating these allegations, and that he had been placed on administrative leave.

4. Plaintiff's speech in opposition to the City's search and selection process for the hiring of the Police Chief was made in his role as a public employee, and his speech involved individual personnel disputes and grievances, among other things which are not matters of public concern.
5. Plaintiff's statements in a public forum, on social media, criticizing the City leadership were in response to not being selected as the Police Chief, after another candidate was chosen for the role, were not protected by the First Amendment. Plaintiff's statement that he would never accept the role of Chief "with the current mayor, council, and appointed leadership," was speech that was significantly linked to or related to the Sandy Police Department and tended to compromise or damage the mission, function, reputation or professionalism of the City of Sandy and its Police Department.
6. The City had an interest in promoting workplace efficiency and avoiding disruption of the Police Department which Plaintiff's conduct caused through his conduct and statements.
7. Plaintiff's employment was properly terminated. Plaintiff was offered a name clearing hearing.
8. Following the filing of this lawsuit, it was discovered that Plaintiff had recorded a meeting with City Manager Deems without his consent. This conduct, had it been known during Plaintiff's employment, would subject Plaintiff to discipline up to and including termination.

**CLAIM FOUR**

Whistleblower Retaliation claim under ORS 659A.203

(Against All Defendants)

/ / /

(A) *Plaintiff Contends*:

1. By questioning Deems and the City's misuse of public funds to pay for the police chief recruitment process, Lundry engaged in protected whistleblowing conduct by disclosing information he reasonably believed was evidence of mismanagement, gross waste of funds and/or abuse of authority under ORS 659A.203(1)(b)(B).
2. In addition, or in the alternative, Lundry engaged in protected whistleblowing conduct by discussing the activities of the City and its senior officials—namely, Deems, Aprati, and Pulliam relating to budgetary issues for the Chief recruitment process with the City Council President, Laurie Smallwood.
3. Plaintiff experienced adverse employment actions because of his protected activity under ORS 659A.203, including being stripped of the role of Interim Chief, being placed on administrative leave for a baseless internal investigation, and ultimately being terminated from his longtime employment with SPD.
4. Defendants' conduct caused Plaintiff to suffer economic damages in the form of lost income and retirement benefits, noneconomic damages in the form of emotional distress, and Plaintiff contends the jury should also award punitive damages.

**DEFENSE TO CLAIM FOUR**:

*(B) Defendants Contend:*

1. The expense for the search firm to identify and select the incoming Police Chief was within City Manager's discretion to allocate to the Sandy Police Department.
2. To the extent that Plaintiff claims that he made other reports of alleged wrongdoing or policy violations, those alleged reports were not objectively reasonable.
3. Plaintiff was not retaliated against for making any disclosure of mismanagement, gross waste of funds and/or abuse of authority.
4. The City did not engage in mismanagement, gross waste of funds and/or abuse of

authority as claimed by Plaintiff.

5. Plaintiff's termination was proper.
6. Plaintiff was offered a name clearing hearing.
7. Following the filing of this lawsuit, it was discovered that Plaintiff had recorded a meeting with City Manager Deems without his consent. This conduct, had it been known during Plaintiff's employment, would subject Plaintiff to discipline up to and including termination.

**CLAIM FIVE**

**Wrongful Discharge Claim**

(Against Defendants Deems and the City)

(A) *Plaintiff Contends*:

1. Plaintiff's employment with the City was terminated.
2. Deems and the City's discharge of Lundry was wrongful in that he was discharged in violation of public policy and/or for exercising an important job-related right. Specifically, Lundry was discharged in part for submitting and organizing public records requests directed at the City intended to shed light on the City's decision-making processes on an issue of significant public interest.
3. There is no other adequate remedy for Deems' and the City's wrongful discharge of Lundry based on his participation in the submission of public records requests to the City.
4. Defendants' conduct caused Plaintiff to suffer economic damages in the form of lost income and retirement benefits, noneconomic damages in the form of emotional distress, and Plaintiff contends the jury should also award punitive damages.

**DEFENSE TO CLAIM FIVE**:

*(B) Defendants Contend:*

1. Plaintiff's employment was properly terminated.

2. Defendants did not cause Plaintiff damage.
3. Following the filing of this lawsuit, it was discovered that Plaintiff had recorded a meeting with City Manager Deems without his consent. This conduct, had it been known during Plaintiff's employment, would subject Plaintiff to discipline up to and including termination.

## V. Other Legal Issues

1. This proposed order is in connection with the Court's Trial Management Order, ECF No. 41, which set the trial for November 16, 2026, beginning at 9:00 AM in Portland Courtroom 14B, which is estimated to be a five (5) day trial. A pretrial conference is scheduled for November 9, 2026, at 1:30 PM in the same courtroom.
2. Plaintiff seeks his reasonable attorney fees and costs for his state law claims pursuant to ORS 659A.885(1). Plaintiff seeks his reasonable attorney fees and costs for his federal claims under 42 USC § 1988. This is not an issue for the jury to decide or consider.
3. Plaintiff seeks punitive damages on each claim.
4. Other legal issues will be addressed in the parties' motions in limine and trial briefs.

IT IS SO ORDERED.

DATED this 21st day of October, 2026.

AMY M. BAGGIO
United States District Judge

PROPOSED ORDER SUBMITTED BY:

DATED: October 9 2026

*s/ Colin Hunter*
Colin Hunter, OSB No. 131161
chunter@bradleybernstein.com
Bradley Bernstein Sands LLP
1211 NW Glisan St., Suite 204
Portland, OR 97209
Telephone: 971.337.0190

Christopher Heywood, OSB No. 163984
chris@hoffmanlawpnw.com
Hoffman Law LLC
1000 S.W. Broadway, Suite 1500
Portland, Oregon 97205
Telephone: 503.222.1125

*Attorneys for Plaintiff*

*s/ Kim E. Hoyt*
Kim E. Hoyt, OSB No. 914080
khoyt@ghrlawyers.com
Travis A. Merritt, OSB No. 195857
tmerritt@ghrlawyers.com
Garrett Hemann Robertson P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891

*Of Attorneys for Defendants City of Sandy,*