Kim E. Hoyt, (OSB No. 914080)
khoyt@ghrlawyers.com
Travis A. Merritt, (OSB No. 195857)
tmerritt@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SEAN LUNDRY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SANDY, a municipal corporation; STAN PULLIAM, an individual, in his personal capacity; TYLER DEEMS, an individual, in his personal capacity; and JEFF APRATI, an individual, in his personal capacity,<br><br>Defendants. | No. 3:24-cv-01433-AB<br><br>**JOINT WITNESS LIST** |

At trial, the parties intend to call the following witnesses:

## PLAINTIFF'S WITNESS LIST AND SUMMARIES

| Witness | General Statement | Objection | Response |
|---|---|---|---|
| Sean Lundry<br><br>Estimated Direct:<br>3 hours | Mr. Lundry is expected to testify to his personal background; prior employment history; employment, promotions, roles and observations of operations including disciplinary processes within Sandy Police Department; selection as Interim Chief of Police; participation in selection process for permanent Chief of Police; report of improper spending of City funds; non-selection as Chief of Police; public records requests to the City of Sandy; criticism of Defendants and City leadership; social media interactions with City and community; placement on administrative leave; internal and criminal investigations; disciplinary process leading up to termination and reporting to DPSST; attempts to seek other employment; economic damages, and noneconomic damages. | Partial objection: hearsay, unduly prejudicial, irrelevant testimony. | Personal knowledge; relevant to claims and damages. Defendants' statements are party admissions; other statements offered for notice/effect, not truth. |
| Shawna Lundry<br><br>Estimated Direct:<br>1.5 hours | Ms. Lundry is expected to testify to her observations of the selection process for permanent Chief of Police; public records requests to City of Sandy; Defendants' comments regarding Plaintiff; economic damages, noneconomic damages. | Objection to testimony regarding Ms. Lundry's damages as irrelevant. Partial objection: hearsay, unduly prejudicial, irrelevant testimony. | Testimony concerns Plaintiff's damages, not her own. Personal knowledge of records requests and percipient witness to Council meetings. |

| Witness | General Statement | Objection | Response |
|---|---|---|---|
| Tyler Deems<br><br>Estimated Direct:<br>2 hours | Mr. Deems is expected to testify to his prior employment history; employment with City of Sandy, including selection as City Manager; experience with City disciplinary processes; selection of Interim Chief of Police; participation in selection process for permanent Chief of Police; report of improper spending of City funds; non-selection as Chief of Police; public records requests to the City of Sandy; internal City communications and decision making regarding Chief of Police process, Plaintiff, public records requests; criticism of Defendants and City leadership; social media interactions with community; placement on administrative leave; internal and criminal investigations; disciplinary process leading up to termination and reporting to DPSST. | | |
| Jeff Aprati<br><br>Estimated Direct:<br>2 hours | Mr. Aprati is expected to testify to his prior employment history; employment with City of Sandy, including selection as Deputy City Manager; experience with City disciplinary processes; public records requests to the City of Sandy; internal City communications and decision-making, including Council meetings, regarding | | |

| Witness | General Statement | Objection | Response |
|---|---|---|---|
| | Chief of Police process, Plaintiff, public records requests; criticism of Defendants and City leadership; social media interactions with community; placement on administrative leave; internal and criminal investigations; disciplinary process leading up to termination and reporting to DPSST. | | |
| Stan Pulliam<br><br><u>Estimated Direct:</u><br>1 hour | Mr. Pulliam is expected to testify to his prior employment history; employment/service with City of Sandy, including election to mayor; prior interactions with Plaintiff; experience with City disciplinary processes; public records requests to the City of Sandy; internal City communications and decision making, including Council meetings, regarding Chief of Police process, Plaintiff, public records requests; criticism of Defendants and City leadership; social media interactions with community; placement on administrative leave; internal and criminal investigations; disciplinary process leading up to termination and reporting to DPSST. | | |

| Witness | General Statement | Objection | Response |
|---|---|---|---|
| Laurie Smallwood<br><br><u>Estimated Direct:</u> 45 minutes | Ms. Smallwood is expected to testify to her employment/service with City of Sandy, including election to Council; experience with City disciplinary processes; public records requests to the City of Sandy; internal City communications and decision-making, including Council meetings, regarding Chief of Police process, Plaintiff, public records requests; criticism of Defendants and City leadership; interactions with Defendants regarding Plaintiff and Chief of Police selection process, community reactions. | Objection to employment/discipline testimony other than as it relates to Plaintiff's employment and discipline. Partial objection: hearsay, unduly prejudicial, irrelevant testimony. | City disciplinary practice is relevant to process due to Plaintiff and pretext. Defendants' statements are party admissions. |
| Christian Normand<br><br><u>Estimated Direct:</u> 30 minutes | Mr. Normand is expected to testify to Plaintiff's employment/performance with City of Sandy; interactions with Defendants regarding Plaintiff and Chief of Police selection process; internal and criminal investigations of Plaintiff. | Partial objection: hearsay, unduly prejudicial, irrelevant testimony. | Personal knowledge of Plaintiff's performance and the investigations; relevant to pretext. Party admissions are not hearsay. |
| Garret Thornton<br><br><u>Estimated Direct:</u> 30 minutes | Mr. Thornton is expected to testify to Plaintiff's employment/performance with City of Sandy; interactions with Defendants regarding Plaintiff and Chief of Police selection process; internal and criminal investigations of Plaintiff. | Partial objection: hearsay, unduly prejudicial, irrelevant testimony. | Personal knowledge of Plaintiff's performance and the investigations; relevant to pretext. Party admissions are not hearsay. |

| Witness | General Statement | Objection | Response |
|---|---|---|---|
| R. Lee Foster<br><br><u>Estimated Direct:</u><br>1.5 hours | Mr. Foster is expected to testify to the substance of his expert report on Plaintiff's economic damages. | | |

**<u>DEFENDANTS' WITNESS LIST AND SUMMARIES</u>**

| Witness | General Statement | Objection | Response |
|---|---|---|---|
| Ernie Roberts<br><br><u>Estimated Direct</u><br>45 min.<br><br><u>Occupation</u><br>Retired Police Chief | Mr. Roberts is expected to testify regarding his experience as the former police chief for the City of Sandy, his supervision, interaction, and observation of Plaintiff. | Hearsay/lacks personal knowledge of events following his retirement; irrelevant/unduly prejudicial to the extent he would testify as to general employment matters outside pleadings. | Relevant for Plaintiff's performance, communication regarding continued employment, chief process, Plaintiff's selection as interim chief, policies/discipline and rules regarding law enforcement personnel and employment. |
| Patrick Huskey<br><br><u>Estimated Direct</u><br>45 min.<br><br><u>Occupation</u><br>Police Chief for City of Sandy | Mr. Huskey is expected to testify regarding his background training and experience, the City of Sandy Chief selection process, his role as the current police chief for the City of Sandy, the department upon assuming responsibility as chief and his interactions and observations of Plaintiff. | Hearsay/lacks personal knowledge of events that preceded his hire; irrelevant/unduly prejudicial to the extent would testify to subsequent selection process and/or general observations of "department" matters outside pleadings. | Relevant for department operations, qualifications for chief, disruption of department upon assumption of job duties, policies/discipline and rules regarding law enforcement personnel and employment. |

| Witness | General Statement | Objection | Response |
|---|---|---|---|
| Officer Allister Bunch<br>Estimated Direct<br>30 min..<br><br>Occupation<br>Police | Mr. Bunch is expected to testify regarding his experience as a sworn officer and his interactions and observations of Plaintiff, including facts relevant to the investigation of Plaintiff. | Partial objection. Hearsay/lacks personal knowledge. Irrelevant/unduly prejudicial to extent would testify to general employment matters outside pleadings. | |
| Jim Ferraris<br>Estimated Direct<br>1 hr.<br><br>Occupation<br>Former Police Officer and Chief, Investigator | Mr. Ferraris is expected to testify regarding his background, training and experience and consistent with his expert disclosure statement. He is also expected to testify regarding his role in the Chief selection process for the City. | Not qualified to testify as expert; proffered testimony is not proper subject of expert testimony; proffered testimony is irrelevant, unhelpful and usurps role of jury. (No objection to proposed fact witness testimony regarding background check on Gary Jensen.) | Expert qualifications established within report; testimony relevant as to employment considerations for chief position, policies/discipline, and rules regarding law enforcement personnel and employment. |
| Tyler Deems<br><br><br>Estimated Direct<br>2 hrs.<br><br>Occupation<br>City Manager for the City of Sandy | City Manager Deems is expected to testify as to his background, training and experience and employment with City of Sandy, including selection as City Manager; experience with City disciplinary processes; selection of Interim Chief of Police; participation in selection process for permanent Chief of Police; allegation of improper spending of City funds; non-selection as Chief of Police; public records requests to the City of Sandy; internal City communications and | Partial objections. Irrelevant/unduly prejudicial to the extent would testify as to general employment matters outside pleadings. | |

| Witness | General Statement | Objection | Response |
|---|---|---|---|
| | decision making regarding Chief of Police process, public records requests; criticism of Defendants and City leadership; social media interactions with community; placement on administrative leave; investigations and reports regarding Plaintiff; disciplinary process leading up to termination and reporting to DPSST; his interactions and observations of Plaintiff, investigation of Plaintiff, City policy and organization, budget process, and Plaintiff's conduct and the police department generally. | | |
| Stan Pulliam<br><br>Estimated Direct<br>1 hr.<br><br>Occupation<br>Former Mayor of Sandy | Mr. Pulliam is expected to testify regarding his background, role within the City, his interactions and observations of Plaintiff, his actions while working for the City, the chief selection process, and Plaintiff's conduct and communication regarding chief selection and Plaintiff. | Partial objection. Irrelevant and unduly prejudicial to the extent proposes to testify as to general employment matters outside pleadings. | |
| Officer Randall Santos<br>Estimated Direct<br>30 min.<br><br>Occupation<br>Police | Mr. Santos is expected to testify regarding his experience as a Police Officer and his interactions and observations of Plaintiff. Also, he is expected to testify regarding his statements and recollections of facts | | |

| Witness | General Statement | Objection | Response |
|---|---|---|---|
| | relevant to chief selection process and the investigation of Plaintiff. | | |
| Jeff Aprati<br><br><u>Estimated Direct</u><br>1 hrs.<br><br><u>Occupation</u><br>Deputy City Manager | Mr. Aprati is expected to testify regarding his background, training, experience, and role within the City of Sandy, including as it related to Plaintiff, the chief selection process, records requests, and information provided by the City in connection with the same. Mr. Aprati will also testify regarding his interaction and observations of Plaintiff. | | |
| Kim Yamashita<br><br><u>Estimated Direct</u><br>45 min.<br><br><u>Occupation</u><br>Former Police Chief, Interim Chief, and City Manager for the City of Sandy | Mrs. Yamashita is expected to testify regarding her experiences with Plaintiff and her experiences as the former Police Chief, observations and interactions with Plaintiff, and her observations and experience within the Police Department. | Partial objection. Hearsay/lacks personal knowledge as to events preceding her replacement of Plaintiff as interim chief; irrelevant to extent would testify as to general employment matters outside pleadings. | Relevant for department operations, communications with Plaintiff, qualifications for chief, disruption of department upon assumption of job duties, policies/discipline and rules regarding law enforcement personnel and employment. |
| Ryan Fleming<br><br><u>Estimated Direct</u>:<br>1 hr.<br><br><u>Occupation</u><br>Former HR Investigator | Mr. Fleming is expected to testify regarding his background, training, and experience, and the investigation he conducted into the various allegations against Plaintiff and his findings from that investigation. | Hearsay/lacks personal knowledge; if allowed to testify at all, cannot testify without producing underlying witness statements/recordings that form basis of his testimony. | |

| Witness | General Statement | Objection | Response |
|---|---|---|---|
| Keith Krafve<br><br>20 min. | His background, training and experience, his interaction and observation of Plaintiff; and participation in investigation process and Plaintiff's response thereto. | Testimony is barred by work product doctrine and attorney-client privilege except to extent waived by previous disclosure of witness interview statements. | |
| Garrett Thornton<br>20 min. | His background, training and experience, his interaction and observation of Plaintiff; and participation in investigation process and Plaintiff's response thereto. | | |
| Christian Normand<br>20 min. | His background, training and experience, his interaction and observation of Plaintiff; and participation in investigation process and Plaintiff's response thereto. | | |
| Sean Lundry<br><br><u>Estimated Direct</u><br>2 hrs.<br><br><u>Occupation</u><br>Correctional Probation Officer | Background; prior employment history; employment, promotions, conduct before, during, and after the chief selection process, communication to, from, and about the city, investigation of DPSST process, efforts to mitigate damages, current employment, damages. | | |

DATED October 23, 2026.

GARRETT HEMANN ROBERTSON PC

*s/ Kim E. Hoyt*

Kim E. Hoyt (OSB No. 914080)
khoyt@ghrlawyers.com
Travis A. Merritt (OSB No. 195857)
tmerritt@ghrlawyers.com
Of Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **JOINT WITNESS LIST** on the date indicated below,

- ☐ Via First-Class Mail with postage prepaid
- ☐ Via Facsimile Transmission
- ☒ Via Electronic Filing
- ☒ Via Email
- ☐ Via Hand Delivery
- ☐ Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Colin Hunter, OSB No. 131161
chunter@bradleybernstein.com
Bradley Bernstein Sands LLP
1425 SW 20th Ave., Suite 201
Portland, Oregon 97201
*Attorney for Plaintiff*

Christopher Heywood, OSB No. 163984
chris@hoffmanlawpnw.com
Hoffman Law, LLC
1000 SW Broadway, Suite 1500
Portland, Oregon 97205
*Attorney for Plaintiff*

DATED October 23, 2026.

GARRETT HEMANN ROBERTSON PC

*s/ Kim E. Hoyt*

Kim E. Hoyt (OSB No. 914080)
khoyt@ghrlawyers.com
Travis A. Merritt (OSB No. 195857)
tmerritt@ghrlawyers.com
Of Attorneys for Defendants