Colin Hunter, OSB No. 131161
chunter@bradleybernstein.com
Bradley Bernstein Sands LLP
1211 NW Glisan St., Suite 204
Portland, Oregon 97209
Telephone: 971-337-0190

Christopher Heywood, OSB No. 163984
chris@hoffmanlawpnw.com
Hoffman Law LLC
1000 S.W. Broadway, Suite 1500
Portland, Oregon 97205
Telephone: 503-222-1125

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SEAN LUNDRY, an individual<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANDY, a municipal corporation, STAN PULLIAM, an individual, in his personal capacity; TYLER DEEMS, an individual, in his personal capacity; and JEFF APRATI, an individual, in his personal capacity,<br><br>Defendants. | CASE NO. 3:24-cv-01433-AB<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEFING REGARDING TRIAL ISSUES** |

## INTRODUCTION

Plaintiff Sean Lundry submits this supplemental briefing in response to the Court's emailed questions of November 4, 2026.

## DISCUSSION

**I. Whether the after-acquired evidence defense applies to Plaintiff's state law claims.**

The after-acquired evidence defense does not apply to Plaintiff's state law claims.

The defense is a creature of federal law that was solidified in *McKennon v. Nashville Banner Pub. Co*., 513 U.S. 352, 362-63 (1995). In that case, the Supreme Court specifically rejected the proposition "that after-acquired evidence of wrongdoing which would have resulted in discharge bars employees from any relief under the [Age Discrimination in Employment Act (ADEA)][1]." *Id.* Instead, the Court held that the defense—where proved—applies only to limit the plaintiff's remedies. *Id.* at 362 ("The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered."); *see also O'Day v. McDonnell Douglas Helicopter Co.,* 79 F.3d 756, 761 (9th Cir. 1996) ("[I]f an employer discharges an employee for a discriminatory reason, later discovered evidence that the employee could have been discharged for a legitimate reason does not immunize the employer from liability.").

This federal defense does not apply to Plaintiff's state-law claims for two reasons.

***First***, Oregon substantive law—not federal law—governs which affirmative defenses are available in response to Oregon state-law claims. *See Healy Tibbitts Const. Co. v. Ins. Co. of N. Am.,* 679 F.2d 803, 804 (9th Cir. 1982) ("While state law defines the nature of the [affirmative] defenses, the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs."); *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055

[1] Defendants both cite *McKennon* as the basis for their affirmative defense and, in the same breath, argue that *McKennon* does not apply because it relates to the ADEA. *See* ECF 62 at 8-9. Defendants cannot have it both ways.

(9th Cir. 2000) (noting that "a federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction"); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ("The *Erie* principles apply equally in the context of pendent jurisdiction."). To put it another way, federal courts have no power to limit state-law claims with new affirmative defenses—like the after-acquired evidence defense—not recognized under a state's substantive law.

***Second***, so far as Plaintiff is aware, no Oregon state court has ever recognized or applied the defense of after acquired evidence.[2] A Westlaw search reveals no Oregon appellate court decisions containing the phrase "after acquired evidence." Similarly, a Westlaw search reveals no Oregon appellate decisions citing *McKennon*.

Because the after-acquired evidence defense is a creature of federal law, it does not apply to limit Plaintiff's state-law claims.

## II. Whether Plaintiff is precluded from bringing a wrongful discharge claim because his claim for First Amendment retaliation covers the same conduct related to Plaintiff's public records requests.

Plaintiff is not precluded from bringing his wrongful discharge claim.

Plaintiff's wrongful discharge claim is a state-law claim, and Oregon law governs whether it is available. As noted above, a federal court exercising supplemental jurisdiction over

---

[2] To be clear, this Court has applied the after-acquired evidence doctrine to certain Oregon state-law claims, but only where the Oregon Legislature or Oregon courts have specifically recognized that the state-law claim is intended to be construed consistently with a specific federal counterpart. *See Atwood v. PCC Structurals, Inc.*, No. 3:14-cv-00021-HZ, 2015 WL 9480024 (D. Or. Dec. 28, 2015) (applying the defense to claims brought under the Oregon Family Leave Act (OFLA) and recognizing that OFLA is to be "construed to the extent possible in a manner that is consistent with any similar provisions of the federal Family and Medical Leave Act of 1993"); *Cameron v. T-Mobile USA, Inc.*, No. 04-272-KI, 2008 WL 918480 (D. Or. Mar. 31, 2008) (same). In this case, no similar provision applies to Plaintiff's state-law claims.

state-law claims "is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

Under Oregon law, the partial overlap between the conduct supporting Plaintiff's wrongful discharge claim and his Section 1983 claim[3]—namely, Plaintiff's organization of public records requests—does not preclude the wrongful discharge claim.

Common-law wrongful discharge is "an interstitial tort, designed to fill a remedial gap where a discharge in violation of public policy would be left unvindicated." *Olsen v. Deschutes County*, 204 Or. App. 7, 14 (2006) (quoting *Dunwoody v. Handskill Corp.*, 185 Or. App. 605, 612 (2003)). In order to preclude a wrongful discharge claim based on the availability of some other remedy, a defendant "must demonstrate . . . that the remedy . . . is adequate in comparison to the remedy available under a common-law tort action . . . ." *Olsen*, 204 Or. App. at 14-15.

Here, Defendants cannot meet that requirement.

To be clear, some decisions in this Court have held that Section 1983 may provide an adequate remedy in particular cases. *See, e.g., Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1130–31 (D. Or. 1998). However, the Court has also held that "[a] § 1983 claim will not always provide a remedy adequate to preclude an action for wrongful discharge." Most relevant here, that is true in part because a Section 1983 claim is "subject to unique defenses, such as qualified immunity." *Id.*

Illustrating that point, in *Allen v. OHSU*, Judge Brown refused to dismiss a public

---

[3] The predicate conduct underlying Plaintiff's Section 1983 First Amendment claim includes, but is not identical to, the predicate conduct that forms the basis for his wrongful discharge claim. In addition, the two claims have significantly different elements.

employee's wrongful discharge claim that arose from the same facts as his Section 1983 First Amendment claim. As the Court reasoned, "[T]here can be substantial differences between the elements a plaintiff must prove to establish a public employer's liability under § 1983 and the elements a plaintiff must show to prove a wrongful-discharge claim against the same employer arising from the same facts. In certain circumstances, these differences can mean a § 1983 remedy is not available as a matter of law." *Allen v. OHSU*, No. 06-CV-285-BR, 2006 WL 2252577, at *3 (D. Or. Aug. 4, 2006). The Court also noted that a Section 1983 claim requires "a delicate balancing of the competing interests surrounding the speech and its consequences." *Id.* at *5. In the event that balancing test means that no relief is available under Section 1983, the "argument that Plaintiff's § 1983 claim provides Plaintiff with an adequate remedy necessarily would fail." *Id.*

The Court's reasoning in *Allen* applies directly to this case. In this case, Defendants have raised a defense—after acquired evidence—that is available (if at all) on Plaintiff's Section 1983 claims, but not his wrongful discharge claim. *See Draper*, 995 F. Supp. at 1130–31. In addition, Defendants dispute the City's liability under *Monell*, meaning that—precisely as in *Allen*—the standard for imposing liability on the City differs between Plaintiff's Section 1983 and wrongful discharge claims. And, again as in *Allen*, Defendants clearly intend to dispute Plaintiff's assertion that his public-records conduct is protectable under the First Amendment. Depending on the Court's rulings on that issue, Section 1983 may or may not provide any remedy for the public-records conduct that also forms the predicate for Plaintiff's wrongful discharge claim. *See Allen*, 2006 WL 2252577, at *5.

For these reasons, Plaintiff's wrongful discharge claim is not precluded.

Date: November 6, 2026.

*s/Colin Hunter*

Colin Hunter, OSB No. 131161
chunter@bradleybernstein.com
Bradley Bernstein Sands LLP
1211 NW Glisan St., Suite 204
Portland, Oregon 97209
Telephone: 971.337.0190

Christopher Heywood, OSB No. 163984
chris@hoffmanlawpnw.com
Hoffman Law LLC
1000 S.W. Broadway, Suite 1500
Portland, Oregon 97205
Telephone: 503.222.1125

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **PLAINTIFF'S SUPPLEMENTAL BRIEFING REGARDING TRIAL ISSUES** on the following named person(s) via CM/ECF as indicated below:

Kim E. Hoyt
khoyt@ghrlawyers.com
Travis A. Merritt
tmerritt@ghrlawyers.com
Garrett Hemann Robertson P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891

DATED: November 6, 2026

/s/Colin Hunter
Colin Hunter, OSB No. 131161
chunter@bradleybernstein.com
Bradley Bernstein Sands LLP
1211 NW Glisan St., Suite 204
Portland, OR 97209
Telephone: 971.337.0190

Attorneys for Plaintiff