Colin Hunter, OSB No. 131161
chunter@bradleybernstein.com
Bradley Bernstein Sands LP
1211 NW Glisan St., Suite 204
Portland, Oregon 97209
Telephone: 971-337-0190

Christopher Heywood, OSB No. 163984
Chris@hoffmanlawpnw.com
Hoffman Law LLC
1000 SW Broadway, Suite 1500
Portland, Oregon 9205
Telephone: 503-222-1125

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SEAN LUNDRY, an individual<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANDY, a municipal corporation, STAN PULLIAM, an individual, in his personal capacity; TYLER DEEMS, an individual, in his personal capacity; and JEFF APRATI, an individual, in his personal capacity,<br><br>Defendants. | CASE NO. 3:24-cv-01433-AB<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING POLICY 421** |

## INTRODUCTION

In the summer of 2025, Plaintiff's counsel expressly asked counsel for the Defendants to articulate the policy that formed the basis for their proposed after-acquired evidence defense. Defendants responded—both in a conferral email and a declaration later submitted by Mr.

Deems—and, in no uncertain terms, identified only the following Sandy Police Department policies: SPD policies 101, 319.4, 319.5.2, 319.5.6, and 1028.4(f). At no time over the following year did Defendants suggest that any other policy formed the basis for their after-acquired evidence defense.

Now, on the eve of trial, Defendants have attempted to alter the basis for this defense. Specifically, in their October 27 response to Plaintiffs' motions in limine, Defendants alleged for the first time—in a footnote—that Mr. Lundry had violated a policy they had never before identified, SPD policy 421.[1] ECF 62 at 7 n 2.

The Court previously granted Plaintiff's Motion in Limine #3, which sought to bar Defendants from offering precisely this kind of belated, never-before-raised theory of misconduct. *See* ECF 60 at 8 (Plaintiff's motion); ECF 70 at 4 (Court's order granting). In keeping with that ruling, and to preserve the fairness of these proceedings, Plaintiff respectfully requests this Court bar Defendant from arguing or offering evidence regarding any alleged violation of SPD policy 421.[2]

## ARGUMENT

### 1. Defendants Proposed an After-Acquired Evidence Defense Tied to Specific Policies.

While Defendants now contend they are entitled to argue any violation of City policy, the record is clear: their after-acquired evidence defense has *always* been grounded in a limited set of policies that they specifically identified to Plaintiff and the Court.

---

[1] Defendants initially identified the policy as 431 in their briefing, but have clarified that they intended to refer to 421.

[2] Defendants propose to include Policy 421 in Exhibit 535, and Plaintiff has objected to the exhibit on that basis.

Following Mr. Lundry's deposition in the summer of 2025, Defendants indicated that they intended to seek leave to amend their answer to plead an after-acquired evidence defense.

On July 15, 2025, the parties met and conferred on several issues, including Defendants' proposed new affirmative defense. During that conferral, Plaintiff's counsel informed counsel for Defendants that they could not provide their position on the proposed amendment without knowing the City policy on which Defendants would base the defense. *See* Hunter Decl. Ex. 1. Plaintiff's counsel later reiterated this request, and Defendants responded on August 5, 2025, to identify several specific policies by Bates number. *Id.* Ex. 2.

The specific policies Defendants identified during conferral were:

- Policy 101 (SANDY002317);
- Policy 310 (SANDY002420);
- Policy 319 (SANDY002465-002467);
- and Policy 1028.4 (SANDY002896).

*Id.*

Defendants ultimately moved for leave to amend their answer to add the after-acquired defense. In support of that motion, Defendants submitted a declaration by Tyler Deems which identified the policies they intended to base this defense upon. The declaration stated that Mr., Lundry's action was "a violation of the City of Sandy Police Department policy, 101 (Mr. Lundry's Oath); 319.4; 319.5.2; 319.5.6. This action also was a likely ethics violation[3] and was prohibited workplace conduct[4]." ECF 19 at 2. Mr. Deems included copies of the specific policies

[3] The City of Sandy's Ethics Policy is part of Ex. 523, to which the parties have stipulated.

[4] The term "prohibited workplace conduct" is an apparently undefined catchall term.

he identified as an attachment to the Declaration. ECF 19 at 5-14. Once again, Defendants did not cite any part of Policy 421.

Plaintiff subsequently deposed Tyler Deems and asked why he objected to Mr. Lundry recording the February 1 meeting with him. Mr. Deems did not identify any City policies at all, even when prompted by an improper speaking objection from counsel.[5] Instead, he responded variously that he objected because it was a "[p]rivate one-on-one conversation[]," that it was a "violation of trust" and that it was "strange." *See* Ex. 3 (Excerpts from Deposition of Tyler Deems).

**2. Defendants Introduced a Newfound Theory on the Eve of Trial**

On October 27, 2026, more than a year after the conferral on—and ultimate allowance of—their amended answer, Defendants suggested for the very first time that they intended to argue new and different policy violations as a basis for their after-acquired evidence defense. ECF 62 at 7 n 2. The reference to these newly identified policies were both buried in a footnote and miscited; as Plaintiff eventually learned, Defendants had intended to cite SPD 421.5 and 421.7. Defendants now seek to base their after-acquired evidence defense upon these newly found policies; they propose to include Policy 421 as part of Exhibit 535, an excerpted compilation of SPD policies.

//

//

[5] After Mr. Deems indicated that he objected to the recording because he had not consented, Plaintiff's counsel asked the following: "But is that the only basis on which you would have objected to it being recorded?" Defense counsel then interjected the following in an attempt to supply the witness with the answer: "Other than it violates City personnel policy." Even with that prompt, Mr. Deems identified no City policy violations as a basis for objecting to the recording.

### 3. The Court's Ruling on Motion in Limine #3 Bars Precisely this Kind of Belated Shift in Defense Theory

In Plaintiff's Motion in Limine #3, he specifically sought to exclude new, belated theories or allegations of misconduct that Defendants had not previously pleaded or identified as a basis for their affirmative defense. Specifically, Plaintiff made the following motion:

> The Court should preclude Defendants from arguing or introducing evidence of any supposed employment "misconduct" or errors in character that they attribute to Plaintiff but have not specifically identified as relevant to rebut Plaintiff's claims or to support their affirmative defenses.

ECF 60 at 8. As Plaintiff put it in that motion, and the parties discussed at the pretrial conference, "The only employment performance-related allegations as to which Defendants may present evidence are those identified in the May 2024 internal investigation report, identified in Mr. Deems May 2024 termination letter, *or the one "after acquired evidence" issue raised specifically by affirmative defense (the nonconsensual recording of the February 2024 meeting)*." *Id.* at 9 (emphasis added). The basis for Plaintiff's motion was in part "[t]o avoid unfair surprise [and] a shifting defense theory." *Id.* The Court granted that motion. ECF 70 at 4.

The issue before the Court is the very reason Plaintiff brought Motion in Limine #3—to avoid unfair surprise and a shifting defense theory. Plaintiff very intentionally sought and obtained Defendants' specific representations regarding the policies on which they intended to base their after-acquired evidence defense. Hunter Decl. Exs. 1, 2. For a year and a half, all parties have proceeded on the basis that those specifically identified policies form the basis for Defendants' after-acquired evidence defense theory. Plaintiff relied upon those representations in drafting its pretrial motions and in preparing for trial. Defendant's attempt to shift theories on the

eve of trial is barred by the Court's ruling on Plaintiff's motions in limine and, in any event, highly prejudicial to Plaintiff.

As this Court stated in the pretrial conference, this should not be a trial of surprises. Plaintiff respectfully requests that the Court reject Defendants' effort to rely upon new and unpled policies and instead confirm that evidence or argument on Policy 421 is excluded.

Respectfully submitted this 16th day of November, 2026.

*/s/ Colin Hunter*
Colin Hunter, OSB No. 131161
chunter@bradleybernstein.com
Bradley Bernstein Sands LLP
1211 NW Glisan St., Suite 204
Portland, Oregon 97209
Telephone: 971.337.0190

Christopher Heywood, OSB No. 163984
chris@hoffmanlawpnw.com
Hoffman Law LLC
1000 SW Broadway, Suite 1500
Portland, Oregon 97205
Telephone: 503.222.1125

Attorneys for Plaintiff